## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SPASO GAVRIC**, individually and on
behalf of all others similarly situated,

Case No. <u>8:20-cv-2978</u>

Plaintiff,

**Class Representation**

vs.

Jury Trial Demanded

**REGAL AUTOMOTIVE GROUP, INC.**,
f/k/a REGAL PONTIAC, INC.,
a Florida corporation,

Defendant.

_____/

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Spaso Gavric, ("Plaintiff"), by and through undersigned counsel, states the following:

### CAUSES OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA") and common law for (1) violation of the FLSA- unpaid minimum wage, (2) violation of the FMWA, (3) breach of contract, (4) breach of implied covenant of good faith and fair dealing and (5) unpaid wages.

### PARTIES

2.      The Plaintiff is an individual and a resident of Florida who at all material times resided or worked in Polk County, Florida and was employed by Defendant. At all times, the Plaintiff had enterprise and individual coverage under the FLSA during his employment with the Defendant. At all material times, the Plaintiff was employed by the Defendant as an automobile salesman. The Plaintiff's duties consisted of selling automobiles, customer service, arranging for

1

the transportation of vehicles to residents and out-of-state residents, using the mails and wires to perform credit checks and process payments, and receiving payment from out-of-state manufacturers. The Plaintiff performed work primarily in Polk County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. The Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.      The Defendant, REGAL AUTOMOTIVE GROUP, INC., f/k/a REGAL PONTIAC, INC., ("REGAL"), is a Florida corporation with its principal place of business at 925 Bartow Road, Lakeland, Florida 33801.  REGAL has gross sales well in excess of $500,000 per year and it controlled and supervised the Plaintiff's work schedule and conditions of employment, in addition to determining the rate and method of payment for the Plaintiff. REGAL's employees, including the Plaintiff, are engaged in interstate commerce as they work on or otherwise handle goods that are moving in interstate commerce, in addition to them working on the expansion of facilities of commerce and working within the transportation industry. REGAL has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like the Plaintiff. REGAL supervised and controlled the Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for the Plaintiff. REGAL maintains employment records of the Plaintiff and was his employer.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217.

The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA §216(h).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Polk County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(4) since the action accrued primarily in Polk County, which is within the Tampa Division.

7.      All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## TOLLING OF STATUTE OF LIMITATIONS

8.      Any applicable statute(s) of limitations has been tolled by REGAL's knowing and active concealment and denial of the facts alleged herein. Plaintiff and putative members of the Class could not have reasonably discovered the true nature of the Defendant's calculation of their compensation until shortly before this class action litigation was commenced.

9.      REGAL was and remains under a continuing duty to disclose to Plaintiff and members of the Class the true nature of their compensation calculations, that fictitious or inflated "costs" and "expenses" were used to reduce front end gross profit and resulting sales commissions, and that the true sales commission paid would always be at the minimum flat rate level.  REGAL was in a superior position to know the true facts about the compensation calculations, but disseminated only partial disclosures about the same.  As a result of this active

concealment by REGAL, any and all applicable statutes of limitations otherwise applicable to the causes of action alleged herein have been tolled.

<u>**GENERAL ALLEGATIONS**</u>

10.     The Plaintiff and putative Class members have worked for the Defendant within the last five years.

11.     The Plaintiff and putative Class members were employed as "sales associates" to facilitate the sale of new and used motor vehicles.

12.     The Plaintiff and putative Class members entered into identical annual New and Pre-Owned Salesperson Job Description and Pay Plan Agreements with the Defendant, ("Contract"), exemplars of which are attached hereto as composite Exhibit "A," whereby, as part of their compensation, Plaintiff and putative Class members were to be paid 25% commission of the front-end gross on the sale of used and new motor vehicles. The parties also agreed that the Plaintiff and putative Class members would receive a guaranteed minimum flat rate of $110.00 per sale of new vehicles and $135.00 per sale of used vehicles.

13.     "Front End Gross" means, and was agreed to mean, the difference between the sale price of the vehicle and the price REGAL pays to get the vehicle on the lot.

14.     However, REGAL has consistently engaged in deceptive and deceitful practices, the intent of which is to deprive the Plaintiff and putative Class members of their lawfully earned compensation in breach of the Contract with each.

15.     Rather than pay the Plaintiff and putative Class members the agreed commission of the Front End Gross profit (as defined above), REGAL employed a policy and practice that associated fictitious or wildly inflated "costs" and "expenses" with the sales associates' deals to artificially manipulate the front end gross profit down to the point that the Plaintiff and putative

4

Class members were paid only minimum flat rate.  The fictitious or wildly inflated "costs" included, but were not limited to, cleaning, detailing, reconditioning, fuel, vehicle adjustments, auction fees and adding equipment or parts and other services, all in amounts designed to reduce the sales compensation down to minimum flat rate.

16.     When the Plaintiff and putative Class members questioned REGAL as to the fictitious or inflated "costs" and "expenses" REGAL refused to provide an accounting of their deals.

17.     The Plaintiff and putative Class members have suffered tens, if not hundreds of thousands of dollars in damages in the form of unpaid compensation.

18.     The Plaintiff brings this action against REGAL for legal relief to redress unlawful violations of his rights under the FLSA and FMWA, and specifically under Fed.R.Civ.P. 23, to remedy violations of the minimum wage provisions of the FLSA and FMWA by the Defendant, which has deprived the Plaintiff as well as others similarly situated of their lawful minimum wages.

19.     Notwithstanding any exemptions to the overtime pay provisions of the FLSA, REGAL was nevertheless legally bound to pay the Plaintiff both state and federal minimum wage for each hour worked.

20.     However, because of REGAL's deceitful practices described above and because the Plaintiff regularly worked well in excess of 80 hours per week, when the amount of weekly compensation paid to the Plaintiff is divided by his total number of hours worked, REGAL often failed to pay the Plaintiff the minimum wage to which he was lawfully entitled under both the FLSA and FMWA.

21.     By virtue of REGAL's deceitful practices described above, the Plaintiff and those similarly situated have been deprived of their lawful minimum wages under both the FLSA and FMWA.

22.     Other current and former employees of the Defendant are also entitled to receive unpaid wage compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. 216(b). Any similarly situated employee (current or former) wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party, and such consent must be filed with this Court." 29 U.S.C. 216(b).

23.     By filing this action, Plaintiff consents to sue with respect to each FLSA claim for relief against Defendant pursuant to the FLSA and hereby seeks relief under that provision. Dozens, if not hundreds, of other similarly situated, non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting-in." "Consents to Sue" on behalf of additional potential opt-in plaintiffs of the Collective Action will continue to be filed as this litigation progresses.

## CLASS REPRESENTATION ALLEGATIONS

24.     Plaintiff brings these claims on behalf of a Class defined as follows:

All persons employed by the Defendant as its vehicle salespersons in the State of Florida for five (5) years prior to the filing of this initial Class Action Complaint.  Excluded from the Class are the Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, Defendant's affiliates, officers, directors, employees, legal representatives, and successors, and the Judges or Justices assigned to this case.

25.     Plaintiff reserves the right to re-define the Class prior to class certification.

26.     This action is maintainable pursuant to Fed. R. Civ. P. 23 in that the prosecution of separate actions by individual members of the Class would create the risk of:

a.  Inconsistent of varying adjudications with respect to individual members of the Class; and

b.  Adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

27.     Alternatively, this action is maintainable under Fed. R. Civ. P. 23 in that:

a.  The common questions of law or fact enumerated above predominate over any questions affecting only individual members of the Class;

b.  A class action is superior to other available methods for the fair and efficient prosecution of this action.  The certification of a class would allow the litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support separate actions;

c.  Great convenience and judicial efficiency will result from the resolution of multiple claims in the class context in one forum; and

d.  Despite the fact that the number of Class members is substantial, Plaintiff does not anticipate any difficulty in maintaining and managing this cause as a class action in that the members of the Class are capable of being identified from records maintained by the Defendant.  As such, Plaintiff also does not anticipate any difficulties in comporting with applicable due process requirements.

28.     Members of the Class are so numerous that joinder of all members in one action is impractical. While the precise number is unknown at this time, upon information and belief, the proposed Class is comprised of hundreds of members.  The true number of Class members is likely to be known by Defendant and may be ascertained through its books and records.

29.     Plaintiff and the putative Class members' claims raise questions of law and fact that are common to claims of each member of The Class. Specifically, the central issue raised by this action is whether the Defendant's policy and practice of adding fictitious or wildly inflated "costs" associated with the sales associates' deals, manipulated the sales numbers down to the point that the Plaintiff and the putative Class members earned only guaranteed minimum flat rate of $110.00 per sale of new vehicles and $135.00 per sale of used vehicles, and whether such practices reduced Plaintiff and the putative Class members' weekly pay below the minimum wage required by the FMWA.

30.     Numerous questions of law and fact are common to the entire Class and predominate over individual questions because the actions of Defendant complained of generally applied to the entire Class.  These common legal and factual questions include, but are not limited to

a.   whether Defendant is in the business of selling new and used motor vehicles;

b.   whether Defendant employed the Plaintiff and putative Class members as employees pursuant to the same, or substantially similar New and Pre-Owned Salesperson Job Description and Pay Plan Agreement;

c.   whether Defendant drafted the New and Pre-Owned Salesperson Job Description and Pay Plan Agreement that is the subject of this action;

d.   whether the Defendant's New and Pre-Owned Salesperson Job Description and Pay Plan Agreement is a contract of adhesion;

e.   whether the Defendant's New and Pre-Owned Salesperson Job Description and Pay Plan Agreement is a vague and ambiguous;

f.   whether Defendant breached the terms and conditions of the New and Pre-Owned Salesperson Job Description and Pay Plan Agreement that is the subject of this action;

g.   whether Defendant owes a duty to Plaintiff and the Class of good faith and fair dealing regarding its obligations under the terms and conditions of the New and Pre-Owned Salesperson Job Description and Pay Plan Agreement;

h.   whether the Defendant's "costs" and "expenses" including, but not limited to, cleaning, detailing, reconditioning, fuel, vehicle adjustments, auction fees and adding equipment or parts and other services, were in fact fictitious or wildly inflated to reduce the Plaintiff and Class members' sales compensation to minimum flat rate;

i.   whether Defendant employed a policy and practice that associated fictitious or wildly inflated "costs" and "expenses" with the Plaintiff and Class members' deals to artificially manipulate the front end gross profit down to the point that only minimum flat rate was paid;

j.   whether the Defendant's fictitious or wildly inflated "costs" and "expenses" were applied consistently and uniformly to Plaintiff and Class members' deals to artificially manipulate the front end gross profit down to the point that only minimum flat rate was paid;

k.  whether the Defendant's fictitious or wildly inflated "costs" and "expenses" included, but were not limited to, cleaning, detailing, reconditioning, fuel, vehicle adjustments, auction fees and adding equipment or parts and other services, all at marked up prices designed to reduce the Plaintiff and Class members' sales compensation down to minimum flat rate;

l.  whether Defendant owes the Plaintiff and the Class unpaid compensation and wages pursuant to the terms and conditions of the New and Pre-Owned Salesperson Job Description and Pay Plan Agreement;

m.  whether Defendant owes the Plaintiff and the Class interest on unpaid compensation and wages pursuant to the terms and conditions of the New and Pre-Owned Salesperson Job Description and Pay Plan Agreement;

n.  whether the Defendant's practices reduced the Plaintiff and the putative Class members' weekly pay to be lower than the minimum wage required by the FMWA, and

o.  whether Defendant should be required to notify all Class members about its policy and practice of compensation calculations.

31.  The claims advanced by the Plaintiff are typical of each member of the Class in that:

a.  The Plaintiff's claims arise from the same course of conduct by the Defendant giving rise to the claims of the other Class members;

b.  The claims of the Plaintiff and the other members of the Class are based upon the same legal theories;

     c.   The Plaintiff and the other members of the Class have an interest in prevailing on the same legal claims;

     d.   The damages sustained by the Plaintiff are similar to the damages sustained by the other members of the Class; and

     e.   The defenses asserted by the Defendant as to the Plaintiff will be very similar, if not identical, to those asserted as to the other members of the Class.

32.    The Plaintiff is a Florida resident who will fairly and adequately protect and represent the interest of each member of the Class. Plaintiff has retained counsel with substantial experience in prosecuting fraud, consumer and employment class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so.  Neither Plaintiff nor his Counsel have any interest adverse or antagonistic to those of the Class.

33.    Plaintiff and the putative Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the vast majority of Class members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Defendant and be made whole.  Class treatment of predominating common questions of law and fact would also be superior to multiple individual actions, in that class treatment would conserve the resources of the courts and litigants, and will further efficient adjudication of Class member claims.

34.    Further, other individuals similarly situated to the Plaintiff may elect to join this action upon such grounds as the Court may set forth and these individuals will likewise share the same theory of damages common to the Plaintiff.

## COUNT I

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35.    Plaintiff hereby incorporates Paragraphs 1-34 in this Count as though fully set forth herein and brings this Count on behalf of himself and all others similarly situated.

36.    This claim for relief based on FLSA violations is brought by the Plaintiff in his own right and as a collective action under 29 U.S.C. § 216 (b) for claims under the FLSA asserted on behalf of all other similarly situated persons, to wit: All persons employed by the Defendant as its vehicle salespersons in the State of Florida for five (5) years prior to the filing of this initial Class Action Complaint ("FLSA Collective Action").

37.    This action is maintainable as a collective action under 29 U.S.C. § 216 (b) because Plaintiff and similarly situated persons were, and are, non-exempt, hourly employees, all of whom were subject to common policies, practices and/or edicts of the Defendant, as specified *supra*.

38.    Defendant's policies identified *supra* applied (and apply) uniformly, across all of its operations in the State of Florida.

39.    Defendant knew or should have known that all non-exempt, hourly employees are due to be paid the prevailing minimum wage, which is the be calculated by having their regular rate of pay determined by dividing their total weekly compensation by the total number of hours worked.

40.     The Defendant knew or should have known that failing to pay non-exempt, hourly employees' the prevailing minimum wage is a violation of the FLSA.

41.     Plaintiff and potential opt-in plaintiffs bring this action against the Defendant because the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to pay minimum wage to its non-exempt, hourly employees in violation of the FLSA. The Defendant's unlawful conduct has been repeated and is consistent.

42.     The conduct of the Defendant, set forth above, has been willful, in bad faith, and has caused significant damages to Plaintiff and potential opt-in plaintiffs.

43.     The Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

44.     Plaintiff consents to sue in this action pursuant to 216(b) of the FLSA. Additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

45.     Plaintiff and potential opt-in plaintiffs bring a Claim for Relief for violation of the FLSA as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b), on behalf of all persons employed by the Defendant as its vehicle salespersons in the State of Florida for five (5) years prior to the filing of this initial Class Action Complaint and who were not paid the prevailing minimum wage by the Defendant during the applicable statute of limitations prior to the date of commencement of this action through the date of judgment of this action, and who have not been properly compensated as described above. Plaintiff and potential opt-in plaintiffs are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

46.     A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) for all claims asserted by Plaintiff because the claims of Plaintiff are similar to the claims of the putative members of the Collective Action.

47.     Potential opt-in members of the Collective Action are similarly situated. They have substantially similar pay provisions, and are subject to a common practice, policy or plan that deprives them of their lawful wages.

48.     Plaintiff, and all others similarly situated, were subject to a company-wide policy that purposefully, or alternatively, negligently deprived them of wages for the applicable time under the statute of limitations.

49.     This practice of failing to the prevailing minimum wage was/is a standard practice throughout all of the Defendant's operations.

50.     Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Plaintiff has retained counsel competent and experienced in FLSA and employment law litigation.

51.     The names and addresses of the putative Collective members are available from the Defendant. To the extent required by law, notice will be provided to the prospective collective action members via first class mail and/or by use of techniques in a form of notice that has been used customarily in Collective actions, subject to Court approval.

52.     Plaintiff brings this action on behalf of himself and the following proposed Collective Action of all similarly-situated employees:

> All persons employed by the Defendant as its vehicle salespersons in the State of Florida for five (5) years prior to the filing of this initial Class Action Complaint.

53.     Per the FLSA, Plaintiff and potential opt-in plaintiffs of the Collective Action seek all available damages including but not limited to lost wages, liquidated damages, attorneys' fees, punitive damages, costs, and all other relief requested.

54.     The claims of the Plaintiff are similar to those of the potential opt-in plaintiffs, in that Plaintiff have been subjected to the same conduct as the potential opt-in plaintiffs of the Collective Action, and Plaintiff's claims are based on the same legal theory as that of the potential opt-in plaintiffs.

55.     While the exact number of potential opt-in plaintiffs is unknown to Plaintiff at the present, based on information and belief, there are potentially greater than 100 such members. Thus, a collective action is the most efficient mechanism for resolution of the claims.

56.     Plaintiff's FLSA claims are maintainable as a Collective Action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, on behalf himself and all putative members of the proposed Collective Action, prays for relief as follows:

i.     Designation of this action as a collective action on behalf of the proposed FLSA collective plaintiffs asserting FLSA claims and prompt issuance of the notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in action, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), and a tolling of the statute of limitations on the FLSA collective action plaintiffs' claims until the FLSA potential opt-in plaintiffs are provided with a reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as plaintiffs;

ii.   Designation of Plaintiff as representative of the FLSA Collective Action;

iii.   A declaratory judgment that the practices complained of are unlawful under the FLSA 201 et. seq.;

iv.   An injunction against Defendant and all other persons acting in concert with it, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein;

v.   An award of damages, including lost wages, liquidated and exemplary damages, and waiting time penalties and other statutory penalties;

vi.   That Plaintiff and others similarly situated, be granted judgment against Defendant for all costs of this action, including expert fees and reasonable attorneys' fees, costs, disbursements, and interests;

vii.   Pre-judgment and post-judgment interest as provided by law;

viii.   For such other and further legal and equitable relief as this Court deems necessary, proper, and just.

## **COUNT II**

## **STATUTORY VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT**

57.   The Plaintiff incorporates Paragraphs 1-34 in this Count by reference and brings this Count on behalf of himself and all others similarly situated.

58.   This claim for relief is brought by the Plaintiff in his own right and as a class action under Fed.R.Civ.P. 23 for common claims asserted on behalf of all other similarly situated persons ("Class Plaintiffs") employed by the Defendant as its vehicle salespersons in the State of Florida for five (5) years prior to the filing of this initial Class Action Complaint.

59.   This action is brought on behalf of Class Plaintiffs, who are similarly situated to the Plaintiff, to recover from the Defendant unpaid minimum wages, as well as an additional

16

amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

60.     The Florida Minimum Wage Act states "... employers shall pay employees a minimum wage at an hourly rate [that is annually established by statute] for all hours worked in Florida." F.S. § 448.110.

61.     The Class Plaintiffs were employed by the Defendant during the preceding five (5) years.

62.     The Class Plaintiffs were not paid at the minimum wage rate or more per hour.

63.     The records, if any, concerning the number of hours actually worked by the Class Plaintiffs, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, Defendants did not maintain accurate and complete time records of hours worked by the Class Plaintiffs and other employees in the asserted class.

64.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages, which will be similar and which basis for calculation will be identical for Class Plaintiffs, are as follows:

        2015 minimum wage $8.05
        $8.05 x 180 unpaid hours worked = $1,449.00

        2016 minimum wage $8.05
        $8.05 x 780 unpaid hours worked = $6,279.00

        2017 minimum wage $8.10
        $8.10 x 780 unpaid hours worked = $6,318.00

        2018 minimum wage $8.25
        $8.25 x 780 unpaid hours worked = $6,435.00

        2019 minimum wage $8.46
        $8.46 x780 unpaid hours worked = $6,598.80

2020 minimum wage $8.46

$8.46 x 650 unpaid hours worked = $5,564.00

Total Unpaid Florida Minimum Wage: **$33,718.80**

65.     The Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remains owing the Class Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above or within the past five (5) years preceding this action.

66.     According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. However, the Florida Constitution provides that "Employers shall pay Employees Wages no less than the Minimum Wage *for all hours worked* in Florida." Therefore, the Defendant was the employer of the Class Plaintiffs within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

67.     The Defendant willfully and intentionally refused to pay the Class Plaintiffs minimum wages as required by the laws of Florida as set forth above and remains owing the Named Plaintiffs these minimum wages since the commencement of the Class Plaintiffs' employment with the Defendant or as set forth above.

68.     Pursuant to Fla. Stat. 448.110, on or about October 16, 2020, the Plaintiff has provided the Defendant with notice of the minimum wage claims (i.e. the minimum wage to which each Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages).

69.     The Plaintiff, on behalf of the class, has retained undersigned counsel to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

WHEREFORE the Class Plaintiffs respectfully request this Honorable Court order the following relief:

i.      That this matter be certified as a class action;

ii.     That this Court appoint Plaintiff as the Class representative;

iii.    That this Court appoints the undersigned counsel as Class co-counsel;

iv.     Enter judgment for the Class Plaintiff and against the Defendant on the basis of Defendant's willful violations of the Florida Minimum Wage Act;

v.      Award Class Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly, with interest;

vi.     Award Class Plaintiffs an equal amount in double damages/liquidated damages;

vii.    Award Class Plaintiffs reasonable attorneys' fees and costs of suit; and

viii.   Grant such other and further relief as this Court deems equitable and just.

## COUNT III

## BREACH OF CONTRACT

70.     The Plaintiff realleges and incorporates Paragraphs 1-34 in this Count by reference and brings this Count on behalf of himself and all others similarly situated.

71.     A Contract existed between the Plaintiff, and the putative Class members, and REGAL.

72.     The terms of the Contract were that the Plaintiff, and the putative Class members, would in part be compensated for their services by receiving a set percentage (i.e. a commission)

on all gross profits on sale or lease of new and used motor vehicles or related services facilitated by the Plaintiff and the putative Class members.

73.     Both the Plaintiff, and the putative Class members, and REGAL agreed to those terms, which were clear and unambiguous.

74.     The Plaintiff and the putative Class members fully and satisfactorily performed their duties under the Contract.

75.     REGAL has breached the contract by refusing to pay the Plaintiff and the putative Class members the compensation due under the terms of the Contract.

76.     The Plaintiff and the putative Class members have been damaged as a result of the REGAL's breach of the Contract.

77.     This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court order the following relief:

i.      That this matter be certified as a class action;

ii.     That this Court appoint Plaintiff as the Class representative;

iii.    That this Court appoints the undersigned counsel as Class co-counsel;

iv.     That a judgment be entered on behalf of the Plaintiff and other members of the Class and against Defendant for such total sum as will fairly and reasonably compensate them for their damages and interest thereon;

v.      That costs and expenses for this action be awarded to Plaintiff and other members of the Class and against Defendant;

vi.     That the Plaintiff and other members of the Class have such other and further relief in the premises as may be proper; and

vii.    That the Plaintiff demands a trial by jury.

## COUNT IV

## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

78.     The Plaintiff realleges and incorporates Paragraphs 1-34 in this Count by reference and brings this Count on behalf of himself and all others similarly situated.

79.     A Contract existed between the Plaintiff, and the putative Class members, and REGAL.

80.     The Plaintiff and the putative Class members performed, or substantially performed all of the material terms and conditions that the Contract required of them, to wit: facilitate the sale of motor vehicles.

81.     The conditions required for REGAL's performance occurred.

82.     REGAL unfairly interfered with the Plaintiff and the putative Class members' right to receive the benefits of the Contract.

83.     The Plaintiff and the putative Class members, have been harmed by REGAL's conduct.

84.     This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court order the following relief:

i.      That this matter be certified as a class action;

21

ii.     That this Court appoint Plaintiff as the Class representative;

iii.    That this Court appoints the undersigned counsel as Class co-counsel;

iv.     That a judgment be entered on behalf of the Plaintiff and other members of the Class and against Defendant for such total sum as will fairly and reasonably compensate them for their damages and interest thereon;

v.      That costs and expenses for this action be awarded to Plaintiff and other members of the Class and against Defendant;

vi.     That the Plaintiff and other members of the Class have such other and further relief in the premises as may be proper; and

vii.    That the Plaintiff demands a trial by jury.

## COUNT V

## UNPAID WAGES

85.     The Plaintiff realleges and incorporates Paragraphs 1-34 in this Count by reference and brings this Count on behalf of himself and all others similarly situated.

86.     As part of their employment with REGAL, the Plaintiff and the putative Class members were to be compensated for their services by, in part, receiving a set percentage (i.e. a commission) on gross profits resulting from the sale or lease of motor vehicles and related services facilitated by the Plaintiff and the putative Class members.

87.     The Plaintiff and the putative Class members were to be paid 25% of the gross profit on sale of new and used motor vehicles.

88.     Rather than pay Plaintiff and the putative Class members their agreed compensation, the Defendant associated fictitious or wildly inflated "costs" and "expenses" to artificially manipulate the sales numbers down to the point that the Plaintiff and the putative

22

Class members earned only guaranteed minimum flat rate of $110.00 per sale of new vehicles and $135.00 per sale of used vehicles.

89.     The Plaintiff and the putative Class members have fully and satisfactorily performed their duties.

90.     The Defendant have failed to pay the Plaintiff and the putative Class members their proper wages due pursuant to the terms of their employment.

91.     The Plaintiff and the putative Class members have been damaged as a result of the Defendant's breach of the contract.

92.     This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court order the following relief:

i.      That this matter be certified as a class action;

ii.     That this Court appoint Plaintiff as the Class representative;

iii.    That this Court appoints the undersigned counsel as Class co-counsel;

iv.     That a judgment be entered on behalf of the Plaintiff and other members of the Class and against Defendant for such total sum as will fairly and reasonably compensate them for their damages and interest thereon;

v.      That costs and expenses for this action be awarded to Plaintiff and other members of the Class and against Defendant;

vi.     That the Plaintiff and other members of the Class have such other and further relief in the premises as may be proper; and

vii.    That the Plaintiff demands a trial by jury.

**DEMAND FOR JURY TRIAL**

The Plaintiff and the putative Class members hereby demand a trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff and the Class:

/s/ Benjamin H. Yormak
Benjamin H. Yormak, Esq.
Florida Bar Number 71272
**Yormak Employment & Disability Law**
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Facsimile: (239) 288-2534
Email: byormak@yormaklaw.com

D. Michael Campbell, Esq.
Daniel D. Moody, Esq.
**Moody Law**
575 North Broadway
Bartow, Florida 33830
Telephone: (863) 733-9090
Facsimile: (863) 534-1001
Primary E-mail: dmcampbell@campbelllaw.com
Secondary Email: sam@moodylaw.com

24