## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SPASO GAVRIC,**

     **Plaintiff,**

**v.**                                             **Case No.: 8:20-cv-2978-VMC-AAS**

**REGAL AUTOMOTIVE GROUP,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Regal Automotive Group (Regal) moves for an award of attorney's fees against an opt-in plaintiff, Christopher Mitchell. (Doc. 48). Mr. Mitchell does not oppose the motion. (Doc. 55). It is **RECOMMENDED** that Regal's motion for attorney's fees (Doc. 48) be **GRANTED**.

## I.     BACKGROUND

Spaso Gavric, for himself and on behalf of other individuals similarly situated, sued Regal for alleged violations of the Fair Labor Standards Act (Count I) and the Florida Minimum Wage Act (Count II). Also, Mr. Gavric, for himself and on behalf of other individuals similarly situated, sued Regal for breach of contract (Count III), breach of implied covenant of good faith and fair dealing (Count IV), and unpaid wages (Count V). (Doc. 1).

Regal answered and asserted affirmative defenses. (Doc. 12). On March

16, 2021, Mr. Mitchell filed a notice of consent to join Mr. Gavric's class action suit for unpaid minimum wages under the FLSA.[1] (Doc. 22). On April 8, 2021, Regal moved to dismiss Mr. Mitchell and to compel Mr. Mitchell to arbitrate his claims. (Doc. 27). Mr. Mitchell opposed Regal's motion. (Doc. 40). A May 19, 2021 order granted in part Regal's motion to dismiss and compel arbitration as to Mr. Mitchell.[2] (Doc. 47). The order required Mr. Mitchell to submit his claims to arbitration and stayed the case against Mr. Mitchell. (*Id.*).

Regal now moves for an award of attorney's fees in obtaining the stay and compelling Mr. Mitchell to arbitrate his claims. (Doc. 48).[3] At first, Mr. Mitchell opposed Regal's motion because Regal failed to comply with Middle District of Florida Local Rule 7.01, but Mr. Mitchell did not address Regal's entitlement. (Doc. 51). Specifically, Regal's motion lacked statement on "the amount sought or provides a fair estimate of the amount sought" as required by Local Rule 7.01(b)(2). (*Id.*). A June 28, 2021 order took Regal's motion under advisement but required Regal to supplement with the amount sought and

---

[1] Timothy Locke and Edward Perry also filed notices of consent to join Mr. Gavric's class action, but Regal's motion only requests attorney's fees related to Mr. Mitchell. (*See* Docs. 17, 18).

[2] The May 19, 2021 order also granted Regal's motion as to the other opt-in plaintiffs. (Doc. 47).

[3] In compliance with Local Rule 7.01, M.D. Fla., Regal's motion addresses only its entitlement to attorney's fees and not the amount to be awarded.

gave Mr. Mitchell a chance to respond. (Doc. 52). Regal timely supplemented and provided an estimate of the amount it was requesting as required by the Local Rules. (Doc. 53). Now, Mr. Mitchell does not oppose Regal's entitlement to attorney's fees but reserves the right to oppose the amount of the fees sought. (Doc. 55).

## II. ANAYLSIS

The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted). Florida follows this common law rule. *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). "A party seeking to recover attorneys' fees under Florida law bears the burden of establishing a contractual or statutory right to such an award." *Plum Creek Technology, LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, 2020 WL 3288033 (M.D. Fla. June 18, 2020).Courts, however, must strictly construe contractual provisions for attorney's fees. *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) (quotation and citation omitted); *Islander Beach Club Condo. v. Skylark Sports, LLC*, 975 So. 2d 1208, 1211–12 (Fla. 5th Dist. Ct. App. 2008) (citations omitted).

Regal asserts it is entitled to recover its attorney's fees under the Arbitration Agreement between Mr. Mitchell and Regal. (Doc. 48, pp. 3–4). Mr. Mitchell does not oppose Regal's entitlement to attorney's fees. (Doc. 55, ¶ 1). The Arbitration Agreement states:

> In the event either party files a judicial or administrative action asserting any claims subject to this Agreement, and the other party successfully stays such action and/or compels arbitration of the claims made in such an action, the party filing the administrative or judicial action shall pay the other party's reasonable attorneys' fees and costs incurred in obtaining a stay and/or compelling arbitration.

(Doc. 48, Ex. 1, ¶4). The Arbitration Agreement identifies the claims that the parties, Mr. Mitchell and Regal, would need to be resolved by arbitration including breach of contract claims and FLSA claims. (*Id.* at ¶ 1).

Because Mr. Mitchell joined a judicial action asserting an FLSA claim against Regal and Regal successfully compelled arbitration on that claim, Regal is entitled to its attorney's fees and costs in obtaining the stay and compelling the arbitration.

## III.   CONCLUSION

Because Regal showed it was entitled to its attorney's fees under its Arbitration Agreement with Mr. Mitchell, it is **RECOMMENDED** that Regal's

motion for attorney's fees (Doc. 48) be **GRANTED**.[4]

**ENTERED** in Tampa, Florida on July 21, 2021.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

---

[4] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion" on the amount of fees the moving party requests. Local Rule 7.01(c), M.D. Fla.

5