UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPASO GAVRIC,
individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                     Case No. 8:20-cv-2978-VMC-AAS

REGAL AUTOMOTIVE GROUP, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Dismissal of Count I of the Complaint (Doc. # 68), filed on March 22, 2022. The Court defers ruling on the Motion, for the reasons provided below.

I. **Background**

On December 15, 2020, Plaintiff Spaso Gavric filed the instant lawsuit against his former employer, Defendant Regal Automotive Group, Inc., alleging that Regal failed to pay him and other members of the putative class their rightfully earned compensation. (Doc. # 1). Gavric brought claims for (1) failure to pay minimum wage under the Fair Labor Standards Act (FLSA) (Count I); (2) violation of the Florida Minimum Wage Act (FMWA) (Count II); (3) breach of contract (Count

1

III); (4) breach of the implied covenant of good faith and fair dealing (Count IV); and (5) "unpaid wages" (Count V). (Id.). The common law claims advanced in Counts III, IV, and V all centered upon Regal's alleged failure to pay Gavric proper commissions as a car salesman. See (Doc. # 66 at 1).

Regal filed its answer on February 9, 2021. (Doc. # 12). The case proceeded through Court-ordered discovery and a mediation conference, which resulted in an impasse. During the litigation, three individuals joined the case as opt-in plaintiffs, but the Court directed those three individuals to submit their claims to arbitration, and the case was stayed as to those opt-in plaintiffs. (Doc. # 47).

On March 4, 2022, the parties jointly informed the Court that they had reached a settlement in principle and sought the Court's direction as to how to proceed. (Doc. # 66). Because this case involved the negotiated resolution of FLSA minimum-wage claims, the Court directed the parties to file a motion for settlement approval, as required by the law in this Circuit. (Doc. # 67). On March 22, 2022, the parties filed the instant Motion. (Doc. # 68).

**II. <u>Analysis</u>**

In the Motion, the parties request that this Court dismiss Count I of the complaint, which is the FLSA minimum-wage claim. (Doc. # 68 at 1). Gavric represents that, because the "bulk" of his claims are for unpaid commissions rather than unpaid minimum wages, he "does not believe the risks of continuing to prosecute the difficult federal minimum wage claim contained in Count I are outweighed by the potential benefits, particularly given the small amount of damages that could be recovered on a federal minimum wage theory." (<u>Id.</u> at 3). Relatedly, the parties represent that the state minimum wage claim, for which the parties have negotiated a settlement, provides for a higher minimum wage and a longer statute of limitations "and would, de facto, resolve any potential FLSA claim." (<u>Id.</u>).

The parties here have reached a written settlement agreement as to Counts II through V (the "Agreement"), and the parties have agreed to the dismissal of Count I. (<u>Id.</u> at 4). "The Agreement does not allocate any back pay or attorneys' fees and costs toward the settlement of Count I involving Plaintiff's FLSA minimum wage Claim. Furthermore, the Agreement does not purport to dismiss Count I and, in fact, the Agreement specifically excludes Count I and any

3

potential FLSA claim from the subject matter of the Agreement." (Id.). To that end, the parties have agreed that Counts II through V may be dismissed with prejudice and that this Court may also dismiss Count I "with or without prejudice depending on this Court's treatment of this Motion." (Id.).

Here, Gavric alleges that Regal violated the minimum-wage provisions of the FLSA. Accordingly, any settlement or compromise reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Courts will, in some circumstances, allow parties to enter into separate settlement agreements – one for the resolution of claims under the FLSA, which agreement is submitted to the Court, and another for resolution of non-FLSA claims, which need not be submitted. See, e.g., Wilburn v. Paradise Lawns & Landscaping, Inc., No. 6:14-cv-1557-RBD-TBS, 2015 WL 13793352, at *2 (M.D. Fla. Feb. 13, 2015), report and recommendation adopted, 2015 WL 13793264 (M.D. Fla. Feb. 19, 2015); Yost v. Wyndham Vacation Resorts, Inc., No. 6:10-cv-1583-CEH-GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012), report and recommendation adopted, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012). There is, however, one major caveat – the non-FLSA agreements must not affect or "contaminate" the settlement of

4

the FLSA claim. See Smith v. Paramount ALF, Inc., No. 3:18-cv-91-TJC-JBT, 2018 WL 2945615, at *4 (M.D. Fla. May 25, 2018), report and recommendation adopted, 2018 WL 2938429 (M.D. Fla. June 12, 2018) (explaining that settlement of non-FLSA claims "need not be approved by the district court, provided its terms do not serve to contaminate the Agreement as to the FLSA claim"); see also Harrison v. Experis US, Inc., No. 3:16-cv-1392-HLA-PDB, 2017 WL 11113511, at *3 (M.D. Fla. Aug. 22, 2017), report and recommendation adopted, 2017 WL 11113512 (M.D. Fla. Sept. 7, 2017) (explaining that courts need not scrutinize settlement of non-FLSA claims "so long as the terms of settlement of the non-FLSA claims do not 'contaminate' the FLSA claims").

Here, although the parties argue that there is no such contamination (Doc. # 68 at 8), the Court does not agree. The parties argue to the Court that "no monies are or will be owed under the FLSA claim and that any settlement of minimum wage claims under the federal laws may be precluded by the settlement of the state minimum wage claims." (Id. at 6). Essentially, then, the parties' position is that Gavric is not receiving any money on his FLSA claim because he is receiving sufficient compensation for his other claims. Accordingly, in order to evaluate the fairness of the

settlement of the FLSA claim – which this Court is required to do – it must scrutinize the terms of the parties' Agreement with respect to Counts II through V. The Court notes that the parties' unsubmitted written Agreement purports to resolve Count II, which is itself also a minimum-wage claim, such that the proof and elements considered for Counts I and II would necessarily be similar. This lends further proof that the settlement of the FLSA claim is intertwined with the settlement of these other claims. See Taroco v. M&M Chow, LLC, No. 21-cv-60006, 2021 WL 3191041, at *3 (S.D. Fla. July 28, 2021) (taking issue with the parties' confidential non-FLSA settlement agreements that "clearly affect or contaminate the FLSA settlements" where, among other things, the confidential settlement agreement resolved claims under the FMWA). Thus, the parties will be required to submit their written settlement Agreement for the Court's review.

To the extent the parties' position is that there is no "compromise" of an FLSA claim here because no money is changing hands with respect to the FLSA claim, again, the Court is not convinced. This Court has previously noted the "obvious problem" with granting dismissals in FLSA cases absent judicial review — "litigators may use dismissals . . . as a tool to [a]ffect an end-run around the policy concerns

6

articulated in both the FLSA and Lynn's Food." Seliem v. Islamic Soc'y of Tampa Bay Area, Inc., No. 8:18-cv-1590-VMC-AEP, 2018 WL 4925687, at *1 (M.D. Fla. Oct. 2, 2018). For this reason, "at a minimum, many courts require the parties to submit sufficient information surrounding the plaintiff's decision to dismiss his FLSA claim" before entering a dismissal. Id.; see also Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 658-59 (S.D. Ala. 2013) (requiring additional information pertaining to plaintiff's decision to dismiss FLSA claims).

The Court has a duty under Lynn's Food to scrutinize any settlements or compromises of a plaintiff's claims under the FLSA. See Boasci v. Imperial Spa & Salon, Inc., No. 6:13-cv-1520-Orl-40KRS, 2015 U.S. Dist. LEXIS 122300, at *2 (M.D. Fla. Jan. 12, 2015) ("[T]he overwhelming position in the Eleventh Circuit [is] that the FLSA charges district courts with the duty to ensure the fairness of any resolution of a claim arising under the statute."). Given the parties' explicit representations that they have reached a settlement with respect to related claims, the Court directs the parties to submit their written settlement Agreement for Court review.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Court defers ruling on the parties' Joint Motion for Dismissal of Count I of the Complaint (Doc. # 68).

(2) The parties are directed to submit their written settlement agreement to the Court by April 8, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE