UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPASO GAVRIC,
individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                     Case No. 8:20-cv-2978-VMC-AAS

REGAL AUTOMOTIVE GROUP, INC.,

      Defendant.
_____/

**ORDER**

    This matter is before the Court pursuant to the parties' Joint Motion for Dismissal of Count I of the Complaint (Doc. # 68), the parties' Joint Stipulation of Dismissal (Doc. # 70), and their response to the Court's order to show cause. (Doc. # 72). For the reasons stated below, the Court approves the parties' settlement.

**I.   Background**

    On December 15, 2020, Plaintiff Spaso Gavric filed the instant lawsuit against his former employer, Defendant Regal Automotive Group, Inc., alleging that Regal failed to pay him and other members of the putative class their rightfully earned compensation. (Doc. # 1). Gavric brought claims for (1) failure to pay minimum wage under the Fair Labor Standards

Act (FLSA) (Count I); (2) violation of the Florida Minimum Wage Act (FMWA) (Count II); (3) breach of contract (Count III); (4) breach of the implied covenant of good faith and fair dealing (Count IV); and (5) "unpaid wages" (Count V). (Id.). The common law claims advanced in Counts III, IV, and V all centered upon Regal's alleged failure to pay Gavric proper commissions as a car salesman. See (Doc. # 66 at 1).

Regal filed its answer on February 9, 2021. (Doc. # 12). The case proceeded through Court-ordered discovery and a mediation conference, which resulted in an impasse. During the litigation, three individuals joined the case as opt-in plaintiffs, but the Court directed those three individuals to submit their claims to arbitration, and the case was stayed as to those opt-in plaintiffs.[1] (Doc. # 47). The instant settlement agreement is just between Gavric and Regal.

On March 4, 2022, the parties jointly informed the Court that they had reached a settlement in principle and sought the Court's direction as to how to proceed. (Doc. # 66). Because this case involved the negotiated resolution of FLSA minimum-wage claims, the Court directed the parties to file

---

[1] According to the parties' latest status report, the arbitration proceedings as to the three opt-in plaintiffs are ongoing. (Doc. # 74).

a motion for settlement approval, as required by the law in this Circuit. (Doc. # 67). On March 22, 2022, the parties filed a joint Motion to Dismiss Count I of the Complaint. (Doc. # 68). The Court deferred ruling because, in order to ensure the fairness of the parties' negotiated resolution of the FLSA claim, it was necessary to review the parties' settlement agreement as to the other counts in the complaint. (Doc. # 69). The parties instead filed a Joint Stipulation of Dismissal, wherein they stipulated to dismissal of Counts II through V with prejudice and stipulated to dismissal of Count I (the FLSA claim) without prejudice. (Doc. # 70). In its April 22, 2022, order, the Court explained that this was inappropriate and directed the parties to show cause as to why sanctions should not be imposed for failure to follow a Court order. (Doc. # 71). The parties responded to that show cause order, representing that their actions were the result of a misunderstanding of the Court's directive and attaching the required settlement agreement. (Doc. # 72).

## II.  **Analysis**

Gavric alleges that Regal violated the minimum-wage provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,

3

1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Gavric will receive $26,671.25 in total, which consists of two payments of approximately $13,335 each. (Doc. # 72-1 at 1-2). It has also been agreed that Gavric's counsel will receive $19,828.75 in attorney's fees and costs. (Id.).

While the settlement agreement states that "this settlement provides [Gavric] the full amount of his minimum wage damages or payments claimed in Count II of the Complaint relating to the Florida Minimum Wage Act" and that the agreement does not pertain to the settlement of Gavric's FLSA minimum-wage claim in Count I of the Complaint (Id. at 2), the parties had previously represented that the resolution of the state minimum-wage claim would "de facto resolve any potential FLSA claim." (Doc. # 68 at 3). The parties have reached this settlement due to the potential difficulty of Gavric prevailing as to Count I, the small amount of damages recoverable as to Count I, and their mutual wish to avoid the costs and distraction of continued litigation. (Id.).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties

in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute. In accordance with the parties' request, the Court will dismiss the FLSA claim without prejudice. (Doc. # 72 at 5).

Finally, the Court has reviewed the parties' joint response to the order to show cause. (Doc. # 72). In its discretion, and based upon the parties' representations that their actions were not taken in an active effort to undermine the Court's orders, the Court declines to impose sanctions.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

(1)   The parties' Joint Motion to Dismiss Count I of the Complaint (Doc. # 68) is **GRANTED**. As to Plaintiff Spaso Gavric, Count I of the Complaint is dismissed without prejudice.

(2)   Pursuant to the parties' joint stipulation of dismissal (Doc. # 70), Counts II through V of the Complaint are dismissed with prejudice as to Plaintiff Spaso Gavric.

(3)   The settlement between Gavric and Regal is approved. The Court terminates Gavric as a party.

(4)   This case remains stayed as to opt-in plaintiffs Christopher Mitchell, Timothy Locke, and Edward Perry. The parties are directed to continue filing joint status reports on the arbitration every 60 days until the arbitration has concluded.

(5)   The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE